UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. EDCV 26-05385-MWF-PVC** **Date: September 17, 2026**

Title: Nerlin Jaime-Fonseca v. Facility Administrator et al

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):** ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER [2]

Before the Court is Petitioner Nerlin Jaime-Fonseca's Ex Parte Application for a Temporary Restraining Order (the "Request") filed on September 16, 2026. (Docket No. 2). The Request is **DENIED**. Petitioner has not demonstrated why she is entitled to a temporary restraining order ("TRO") given General Order 26-05 and its expedited briefing schedule for resolution of her Petition.

Petitioner's Request seeks a TRO prohibiting her transfer or removal by Respondents without seventy-two hours' notice. (Request at 1). Petitioner makes the Request on the basis that she is likely to succeed on the merits of various claims alleged in her Petition, which would render her continued detention unlawful. (*See generally* Request).

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). A party seeking a TRO, like a preliminary injunction, must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in her favor; and (4) an injunction is in the public interest. *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The purpose of a TRO is to "preserv[e] the status quo and

prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cnty.,* 415 U.S. 423, 439 (1974).

Additionally, this action and the Request are subject to General Order 26-05 and the expedited briefing schedule contained therein. (*See* Docket No. 4). As explained in General Order 26-05, "[t]he standard scheduling order is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order. Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." *See* General Order 26-05 at 3.

Therefore, one of the stated purposes of General Order 26-05 is to expedite briefing on the underlying Petition such that temporary relief is no longer necessary because the Petition will be promptly heard. Here, Petitioner has not alleged any irreparable harm that will result prior to the adjudication of the underlying Petition except for the same harms alleged in her Petition of illegal confinement. If such alleged harms were sufficient to warrant emergency relief notwithstanding the standard scheduling order in General Order 26-05, the provisions of the General Order regarding the availability of TROs would effectively become moot.

Accordingly, the Request is **DENIED**.

As the parties are aware, this case has been referred to Magistrate Judge Pedro V. Castillo. (*See* Docket No. 3). Pursuant to General Order Nos. 05-07 and 26-05, further proceedings on the merits of the Petition are **REFERRED** to Magistrate Judge Castillo for decision.

IT IS SO ORDERED.